THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ARQUIMEDES FOORCHUE ALMONTER,,

    Petitioner,

    v.

KRISTI NOEM *et. al.*

    Respondents.

CIVIL ACTION
No. 2:26-974

## ORDER

**AND NOW**, this 21st day of February, 2026, upon consideration of Petitioner's Emergency Petition for Writ of Habeas Corpus (ECF No. 1), Respondents' response/opposition (ECF No. 4), Petitioner's reply (ECF No. 5), it is hereby ORDERED that the Petition is **GRANTED**.[1] It is further **ORDERED** as follows:

---

[1] Petitioner filed this Emergency Petition seeking immediate habeas relief from civil immigration detention and invoked the Court's statutory obligation under 28 U.S.C. § 2243 to proceed "forthwith" and to require Respondents to show cause why the writ should not issue. ECF 1. The Court likewise entered a preservation Order on February 17, 2026 directing that Petitioner "shall not be transferred outside the Eastern District of Pennsylvania pending further Order of the Court." ECF 2. Respondents nevertheless transferred Petitioner outside of this District and concede that he is presently detained at the Moshannon Valley Processing Center located in the Western District of Pennsylvania.

Respondents attempt to avoid the consequences of noncompliance by asserting—without an evidentiary showing—that the transfer occurred "on the morning of February 17, 2026, prior to the entry" of the Court's Order. The Court is not required to credit Respondents' timeline as dispositive where it is offered by argument rather than proof, particularly when the continuing fact remains that Petitioner has been kept outside this District notwithstanding a binding court directive. In any event, even accepting Respondents' account of when the transfer was initiated, Respondents have had ample time after entry of the Order—and, at the latest, after receiving notice that Petitioner had been moved out of the District—to return Petitioner and cure the ongoing violation, yet they have not done so.

The Supreme Court has repeatedly emphasized that habeas corpus is an adaptable and equitable remedy whose "precise application and scope change[] depending upon the circumstances." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008); see also *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (rejecting a "static, narrow, formalistic" conception of the writ). Because habeas is "at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), this Court possesses broad authority to fashion relief sufficient to ensure meaningful judicial review and to prevent its orders from becoming a nullity. Where Respondents do not demonstrate the process required to justify continued confinement

1. Respondents shall **release Petitioner ARQUIMEDES FOORCHUE ALMONTER from custody immediately**.

2. Respondents shall **certify compliance** with this Order by filing a **Certification of Respondents' counsel** on the docket **no later than 5:00 P.M. EST today, February 21, 2026**, confirming Petitioner's release and stating the time and manner of release.

3. Respondents are **temporarily enjoined** from re-detaining Petitioner for **seven (7) days** following his release from custody.

---

in the posture they have chosen, the Court's obligation is to "ensure due process and end improper detention when warranted." *Seminario-Marcos v. Jamison*, No. 2:26-cv-00421 (E.D. Pa. Feb. 6, 2026).

Respondents argue Petitioner's custody arises under 8 U.S.C. § 1226(a) and rely on *Borbot* and *Contant* to contend § 1226(a) procedures are generally constitutionally adequate, particularly at an early stage. But *Borbot* does not license continued detention in disregard of a federal court's preservation Order, nor does it insulate Respondents from immediate equitable relief where Respondents' own conduct impairs meaningful judicial supervision of a pending habeas petition. The Government's quotation from *Borbot* underscores the point: the Third Circuit emphasized the detainee there had been "granted meaningful process prior to filing his habeas petition," including that he was "afforded a prompt bond hearing." This case presents the opposite problem—Respondents ask the Court to defer to ordinary § 1226(a) mechanisms while simultaneously maintaining custody outside this District in continuing violation of the Court's no-transfer directive, notwithstanding ample time to cure after notice. Nor does Judge Gallagher's decision in *Guaman Guerrero* aid Respondents: Judge Gallagher denied habeas only after the petitioner was "afforded a bond hearing before an immigration judge," the IJ made an individualized custody determination (denying bond on a flight-risk finding), and administrative review remained available. No comparable post-petition process has been shown here, and Respondents' continued out-of-district detention directly undermines the Court's ability to ensure that any such process is promptly and meaningfully afforded.

Accordingly, the Court need not resolve the full merits of Respondents' § 1226(a) arguments to grant relief now. Immediate release is warranted to remedy Respondents' continuing noncompliance with the Court's preservation Order and to ensure effective judicial review consistent with § 2243 and the equitable nature of habeas. This Order does not foreclose Respondents from proceeding "consistent with due process and the law" after Petitioner's release. Respondents remain free to pursue removal proceedings they represent are underway and to seek whatever custody they contend is authorized under 8 U.S.C. § 1226(a) through the ordinary immigration-court process, including a bond hearing before a neutral immigration judge, so long as they comply with due process and this Court's orders.

4. Should Respondents seek to re-detain Petitioner after that period, Respondents must first provide Petitioner with a **bond hearing** under 8 U.S.C. § 1226(a) at which a neutral immigration judge will determine whether detention is warranted pending resolution of removal proceedings.

BY THE COURT:

_____
HON. MIA R. PEREZ