**THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

**ARQUIMEDES FOORCHUE ALMONTER,,**

      **Petitioner,**

      **v.**

**KRISTI NOEM *et. al.***

      **Respondents.**

:
:
:
:
:
:
:
:
:

**CIVIL ACTION**
**No. 26-cv-0974**

## <u>ORDER</u>

**AND NOW**, this 9th day of April, 2026, upon consideration of Respondent's Motion for Reconsideration (ECF 8), Petitioner's response in opposition (ECF 13), and Respondent's reply (ECF 14) it is hereby **ORDERED** that the motion is **DENIED**.[1]

---

[1] This matter began on February 15, 2026, when Petitioner filed an emergency habeas petition challenging his immigration detention, seeking immediate release, and asserting that his detention was unlawful notwithstanding Respondents' position that he was detained under 8 U.S.C. § 1226(a). On February 17, 2026, the Court entered an order requiring Respondents to respond and directing that Petitioner not be transferred outside this District pending further order (the "Preservation Order") (ECF 6). Respondents filed their opposition on February 20, 2026, arguing that Petitioner's detention arose under § 1226(a), that he had access to the ordinary bond-hearing process before an immigration judge, and that habeas relief was therefore unwarranted. Petitioner replied that same day, arguing that the Court need not reach the merits because Respondents had transferred him outside the District in violation of the Court's Preservation Order. On February 21, 2026, the Court granted the petition and ordered Petitioner's immediate release. Respondents then moved for reconsideration on March 6, 2026, arguing principally that the transfer occurred before they received notice of the Preservation Order, that they were not required to return Petitioner to this District, and that the Court should vacate its prior order and deny the petition on the merits.

Respondents have not met the demanding standard for reconsideration. A motion for reconsideration is not a vehicle to reargue matters already considered and decided; rather, it is appropriate only where the movant shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). Here, Respondents largely reprise the same argument the Court addressed in its February 21, 2026 Order—namely, that Petitioner's transfer allegedly occurred before entry of the Court's Preservation Order or before Respondents learned of it. However, the Court expressly considered that premise and explained that, "even accepting Respondents' account of when the transfer was initiated, Respondents have had ample time after entry of the Order—and, at the latest, after receiving notice that Petitioner had been moved out of the District—to return Petitioner and cure the ongoing violation, yet they have not done so." ECF 6. Respondents' present submissions therefore do not identify any material fact the Court overlooked; at most, they offer evidentiary support for a timeline the Court already assumed *arguendo* and found to be non-dispositive.

BY THE COURT:

_____
 Hon. Mia R. Perez

---

Moreover, this result was not unfair or unforeseeable. By the time of the events at issue here, this Court had handled a substantial number of emergency immigration habeas matters, and Respondents were well aware that courts in this District had repeatedly entered materially similar no-transfer preservation orders at the outset of such cases. Against that backdrop, Respondents cannot plausibly cast the Court's ruling as resting on some novel or unanticipated premise. Since reconsideration fails on these grounds, the Court does not reach Respondents' merits arguments.